NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE N.,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 22-10 (EP)<br><br>OPINION |

**PADIN, DISTRICT JUDGE**

  Plaintiff Michelle N. applied for Social Security Disability ("SSD") benefits on June 13, 2019 under Title II of the Social Security Act (the "Act"). R. 224.[1] On March 19, 2021, following a hearing, the Social Security Commissioner ("Commissioner"), acting through an administrative law judge ("ALJ"), denied Plaintiff's claim. R. 29. Plaintiff now appeals the denial.[2] For the reasons below, the Court will **VACATE** the denial and **REMAND** to the ALJ to calculate and award disability benefits to Plaintiff.

**I. LEGAL STANDARD FOR SOCIAL SECURITY APPEALS**

 **A. "Disability" Under the Act**

  To receive benefits, a claimant must show that he is "disabled" within the meaning of the Act. 42 U.S.C. § 1382(a). Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a

---

[1] "R." refers to the Administrative Record. D.E. 4.
[2] This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g).

claimant qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

### B. The Commissioner's Five-Step Disability Analysis

The Commissioner follows a five-step sequential evaluation process to evaluate whether a claimant is "disabled" as defined in the Act. 20 C.F.R. § 404.1520(a). The Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do past relevant work, considering residual functional capacity ("RFC"); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a).

In the first four steps, the burden is on the claimant to prove every element by a preponderance of the evidence. *See Wallace v. Secretary of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). Or stated differently, the claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him from doing past relevant work. 20 C.F.R. § 404.1512(a). In addition, between steps three and four, the ALJ must assess a claimant's RFC, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1),

416.920(e), 416.945(a)(1). This assessment requires the ALJ to consider the claimant's medically determinable impairments, including any non-severe impairments identified at step two. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In the fifth and final step, the Commissioner bears the burden of proving that work is available for the claimant in the national economy. *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); *Olsen v. Schweiker*, 703 F.2d 751, 753 (3d Cir. 1983). That is, once the claimant has established at Step Four that he cannot do past relevant work, the burden shifts to the Commissioner to show that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with RFC, age, education, and past work experience. 20 C.F.R. § 404.1512(f). If work a claimant can do "exists in the national economy," that is, if "there is a significant number of jobs (in one or more occupations) having requirements which the claimant is able to meet with his physical or mental abilities and vocational qualifications," the claimant will not be considered disabled. *James v. Comm'r of Soc. Sec.*, No. 14-CV-4218, 2015 WL 4488027, at *19 (D.N.J. July 22, 2015), citing 20 C.F.R. § 404.1566(b).

A reviewing court must affirm "if the conclusion reached in the administrative proceeding is supported by substantial evidence." 42 U.S.C. § 405(g); *Simmonds v. Heckler,* 807 F.2d 54, 58 (3d Cir. 1986). The standard is a deferential one; courts must not substitute their own judgment for that of the fact finder." *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014).

## II.   THE ALJ'S DECISION

The first four steps of the ALJ's analysis, which are not challenged here, favored Plaintiff. Under Step One, the ALJ found that Plaintiff did not engage in substantial gainful activity from her alleged symptom onset date of January 16, 2016 through her date last insured (DLI) of March 31, 2017. R. 36. Under Step Two, the ALJ found Plaintiff had at least one

3

severe impairment: disc herniation at L5-S1.[3]  R. 36-37.  Under Step Three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. R. 38.  Under Step Four, the ALJ found that Plaintiff was unable to perform any past relevant work considering Plaintiff's RFC, in Plaintiff's case the ability to perform sedentary work with certain limitations including, as relevant here, "simple and unskilled tasks" and "occasional contact with the general public, coworkers, and supervisors." R. 38-46.

Conversely, the ALJ found that the Commissioner met the burden on the fifth and final step because, "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed."  R. 46.  The ALJ found that Plaintiff has a high school education, and that Plaintiff's past relevant work was a licensed practical nurse, admissions evaluator, and waitress.  *Id.*  The ALJ, relying upon the testimony of a vocational expert (the "VE"), found that Plaintiff

> would have been able to perform the requirements of representative occupations such as an Addresser, (DOT[4] 209.587-010, sedentary, SVP 2[5]; 4,000 jobs in the national economy); a Cutter and Paster of Press Clippings, (DOT 249.587-014, sedentary, SVP 2; 12,000 jobs in the national economy); and a Table Worker, (DOT 739.687-182, sedentary, SVP 2, 1,000 jobs in the national economy).

R. 47.

---

[3] The ALJ also discussed Plaintiff's alleged anxiety stemming from 2017 back surgery, but found that the anxiety was post-DLI.  R. 36-37.
[4] *Dictionary of Occupational Titles* ("DOT") (https://www.dol.gov/agencies/oalj/topics/libraries/LIBDOT).
[5] Special Vocational Preparation ("SVP") is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  DOT, App'x C at II (https://www.dol.gov/agencies/oalj/PUBLIC/ DOT/REFERENCES/DOTAPPC).

Based on these findings, the ALJ concluded that Plaintiff was "not disabled" within the meaning of the Act; *i.e.*, considering Plaintiff's "age, education, work experience, and residual functional capacity, [Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." *Id.*

As relevant here, the ALJ's Decision addressed one discrepancy in the VE's responses to Plaintiff's questioning. *Id.* The VE testified that anyone (such as Plaintiff) who could not "tolerate more than occasional contact with supervisors and co-workers in the first 30 days of employment during orientation, training, etc." could not perform the identified occupations, all of which were SVP level 2. R. 99-100. The VE clarified, in response to ALJ questioning, that all three occupations involved "simple/repetitive" tasks and would therefore involve less contact with supervisors and co-workers—a definition consistent with the DOT. R. 100-01.

### III. DISCUSSION

#### A. The ALJ did not resolve a conflict in the VE's findings

Plaintiff argues that the ALJ omitted a different, material discrepancy regarding the three occupations proposed by the VE. Specifically, the VE testified (and the ALJ accepted) that Plaintiff's "limitation to simple and unskilled tasks would preclude the ability to carry out detailed written and oral instructions." R. 99; *see also* R. 38, ¶ 5 (ALJ accepting VE's conclusion). This, Plaintiff argues, conflicted with two (of three) jobs which the VE stated that Plaintiff would qualify for: Addresser, and Cutter and Paster of Press Clippings. Pl. Br. 19. Those positions are designated General Educational Development ("GED") reasoning level 2, which requires an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in

5

or from standardized situations." DOT App'x C, *Components of the Definition Trailer*, ¶ III (https://www.dol.gov/ agencies/oalj/PUBLIC/DOT/REFERENCES/DOTAPPC).

Social Security Ruling (SSR) 00-4p provides guidance to resolve conflicts between the DOT and a VE's occupational evidence. *Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). "When there is an apparent unresolved conflict between vocational expert or vocational specialist evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the vocational expert or vocational specialist evidence to support a determination or decision about whether the claimant is disabled." *Id.* "Specifically, an ALJ is required to (1) ask, on the record, whether the [vocational expert's] testimony is consistent with the DOT, (2) elicit a reasonable explanation where an inconsistency does appear, and (3) explain in its decision how the conflict was resolved." *Zirnsak,* 777 F.3d at 617 (cleaned up). Although failure to comply with these requirements "may warrant remand in a particular case, … the presence of inconsistencies does not mandate remand, so long as substantial evidence exists in other portions of the record that can form an appropriate basis to support the result." *Id; see also Alvarado v. Colvin*, 147 F. Supp. 3d 297, 306 (E.D. Pa. 2015) (remanding where ALJ did not clarify VE testimony that plaintiff's restriction to routine, repetitive tasks precluded carrying out detailed instructions, which conflicted with VE testimony that plaintiff could perform reasoning level 2 jobs which required carrying out detailed instructions).

As in *Alvarado*, there is a clear conflict here: the VE testified that Plaintiff's "limitation to simple and unskilled tasks would preclude the ability to carry out detailed written and oral instructions." R. 99. The ALJ adopted that conclusion. R. 38, ¶ 5 ("The Claimant is limited to

6

simple and unskilled tasks."). Thus, without elaborating, the ALJ asserts that Plaintiff can perform two (of three total) occupations requiring "detailed" (GED Grade 2) reasoning.

In opposition, the Commissioner does not identify any evidence in the record which supports the ALJ's result and justifies the failure to resolve the conflict. Rather, the Commissioner, "to save the court time, … limit[s] discussion to Plaintiff's second argument" that the 1,000 Table Worker (Grade 1/simple and unskilled) jobs available nationally are insufficient to satisfy the Commissioner's Step Five burden. Comm'r Opp. 10-11. In other words, the Commissioner argues that even excluding the Grade 2 jobs, the Commissioner has nevertheless demonstrated that Plaintiff is not disabled because sufficient Grade 1 jobs exist in the national economy.

The Court disagrees. True, there is no precise boundary between a "significant" and "insignificant" number of jobs in the economy. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered "work which exists in the national economy." 20 C.F.R. § 404.1566(b). "A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Hall*, 837 F.2d at 275.

The Commissioner does not cite to any ALJ discussion of the *Hall* factors. But even if the Commissioner had, the Court doubts that 1,000 jobs in the national economy could constitute a "significant" number. *See Sheerer v. Saul*, No. 18-1261, 2020 WL 758823, at *2 n.2 (W.D. Pa.

7

Feb. 14, 2020) (finding that jobs numbering in the low thousands that the claimant could perform is not sufficient to show a significant number of jobs in the national economy).

The Commissioner cites a string of cases which purportedly find a "significant" number of jobs in the national economy. Comm'r Opp. 11-12. Those cases, however, generally extrapolate the number of national jobs from the number of *regional* jobs. For example, the Commissioner cites *Craigie v. Bowen*, 835 F.2d 56 (3d Cir. 1987), as "finding that 200 jobs were a 'significant number' of jobs in the national economy." Comm'r Opp. 11. But in fact, the Third Circuit relied upon a VE's testimony that "there were about 200 jobs in the light exertional category within his capabilities *in his region*" as a "clear indication that there exists in the national economy other substantial gainful work which [the plaintiff] can perform." *Craigie*, 835 F.2d at 58 (emphasis added).

Likewise, the Commissioner's other cited cases generally discuss about 1,000 or less *regional* jobs as an indicator of the number of jobs available nationally. *See, e.g., Hicks v. Califano,* 600 F.2d 1048, 1051, n.2 (4th Cir. 1979) (110 jobs in the region is not "an insignificant number"); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (more than 1,350 jobs "in the local economy…established the existence of work in significant numbers"); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (500 security jobs in the region was a "significant number" under the circumstances); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (174 small appliance positions in the local economy as evidenced by yellow pages, in addition to 1,600 general appliance repair jobs in the State of Georgia and some 80,000 such jobs nationwide).

Thus, contrary to the Commissioner's argument, the availability of 1,000 Table Worker jobs in the national economy is insufficient to meet the Commissioner's burden. Based on that finding, the question turns to the remedy.[6]

### B. The proper remedy is remand solely to calculate and award benefits

Courts are not limited to ordering a remand for further proceedings. Instead, "[w]hen reversing the SSA's decision under 42 U.S.C. § 405(g), courts 'may choose to remand to the Secretary for a further hearing or simply...award benefits.'" *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357-58 (3d Cir. 2008) (quoting *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984)). Deciding whether to remand for further proceedings or simply to award benefits requires weighing two factors: the delay, and the record. *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 391-92 (M.D. Pa. 2019).

First, the delay. Social Security disability determinations take time. *Beirouti v. Comm'r of Soc. Sec.*, No. 20 CV 5006, 2021 WL 6037594, at *1 (E.D.N.Y. Dec. 21, 2021) ("Among the many ills associated with appeals of Social Security disability determinations is the problem of delay."). Courts measure this delay both in terms of the passage of years and by reference to whether there have been prior appeals and remands. *Diaz*, 388 F. Supp. 3d at 391-92. Certainly, delays of several years involving one or two prior remands have been found to constitute excessive delays. *See e.g.*, *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (8 years delay, and 2 prior remands, benefits awarded); *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir.1984) (award of benefits after two appeals, 5½ years of delay); *Halloran v. Berryhill*, 290 F. Supp. 3d 307, 321 (M.D. Pa. 2017) (4 year delay, benefits awarded).

---

[6] Because the VE issue merits remand, the Court declines to address Plaintiff's other argument regarding the lay testimony of her friend. Pl. Br. 21-23. Of course, out of an abundance of caution to and provide a complete record for further review, it would be prudent for the ALJ to discuss this testimony upon remand.

9

Here, this matter involves a first appeal to district court pending for over three years since Plaintiff first filed her claim in June of 2019. This is a shorter delay than the cases above, but courts encountering similar circumstances have nevertheless remanded solely to calculate benefits. *See Beirouti v. Comm'r of Soc. Sec.*, No. 20 CV 5006, 2021 WL 6037594, at *1 (E.D.N.Y. Dec. 21, 2021) (remanding for award of benefits when plaintiff had filed for disability more than three and a half years prior, including a one-year period of time when the matter was pending in district court).

When the delay is shorter, the second factor, the underling merits of the claim, gains added importance. Under this factor, "[t]he district court can award benefits only when [first] the administrative record of the case has been fully developed and [second] when substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178 (3d Cir. 1986). These requirements are met whenever the court finds the record, including the medical opinion evidence, to be "extensive and well developed." *Diaz*, 388 F. Supp. 3d at 391; *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (remanding for award where claimant's "treating physician for over three years, twice opined that a finding of disability was justified"); *Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 212 (3d Cir. 2019) (remanding to award benefits where the record "is unlikely to benefit from further development" because the vocational expert's answers already "contained substantial evidence that the claimant suffered from a severe mental disability that rendered her unable to engage in substantial gainful activity.")

Included in the examination of the merits is the procedural posture of a case, "particularly which party bears the burden of proof and production on issues of disability." *Diaz*, 388 F. Supp. 3d at 391-92. Thus, remand solely to calculate and award benefits is likelier in cases

which involve only Step Five analysis: reexamining whether the Commissioner has met its burden of demonstrating that there are, despite any impairment, jobs remaining for the plaintiff in the national economy. *Beirouti*, 2021 WL 6037594, at *1. "[R]emand for benefits calculation is appropriate when the record[ ] provide[s] persuasive evidence of total disability that render[s] any further proceedings pointless." *Stacey v. Comm'r.*, 799 F. App'x. 7, 11 (2d Cir. 2020) (ruling that the claimant was totally disabled and entitled to benefits because the VE "testified without contradiction that jobs do not exist in significant numbers in the national economy for an employee who is 'off-task' for at least 15% of the workday.").

Here, the Commissioner does not dispute *any* facts or findings on the key issues—not the analysis of Steps One through Four finding that Plaintiff is disabled,[7] not the ALJ's acceptance that Plaintiff could perform only simple and unskilled tasks, and not the fact that only 1,000 Grade 1 (simple and unskilled) jobs exist in the national economy. Thus, the time elapsed since Plaintiff's initial claim, coupled with a record that indicates that the Commissioner has not, and likely cannot, meet the Step Five burden, counsel in favor of vacating the denial and remanding solely to calculate and award benefits.

## IV. CONCLUSION

For the reasons above, the Court will **VACATE** and **REMAND** the ALJ's decision solely for the purpose of calculating and awarding benefits consistent with this Opinion. An appropriate Order follows.

Dated**: October 17, 2022**

_____
Evelyn Padin, U.S.D.J.

---

[7] This includes the ALJ's determination that Plaintiff's disc herniation "significantly limits [her] ability to perform basic work activities, such as lifting and carrying, … and is therefore "severe." R. 36.